**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joyce Shipp,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael Astrue, Commissioner of<br>Social Security Administration<br><br>    Defendant. | No. CV 09-1470 PHX-DGC<br><br>**ORDER** |

This is a civil case challenging a decision of the Social Security Administration ("SSA"). Plaintiff filed a complaint seeking judicial review on July 16, 2009. Doc. 1. Defendant Commissioner of the SSA filed an answer on October 15, 2009 (Doc. 15) and moved for voluntary remand on November 10, 2009 (Doc. 10). This Court remanded the case on November 16, 2009. Doc. 12. SSA benefits were awarded to Plaintiff on remand, and on June 17, 2011, Defendant accordingly moved for entry of judgment in favor of Plaintiff. Doc. 13. Plaintiff's counsel then moved for attorney fees and court costs under the Equal Access to Justice Act ("EAJA"), more specifically 28 U.S.C. § 2412(d)(1)(A). Doc. 15. Defendant opposes on several grounds (Doc. 16), and Plaintiff has not filed a timely reply. The motion will be granted in part as stated below.

**A.  Timeliness.**

A motion for fees and costs under EAJA must be filed by the prevailing party "within 30 days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The Ninth Circuit has

interpreted the 30-day period as a filing deadline rather than a filing window. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993) ("An EAJA application may be filed *until* 30 days after a judgment becomes 'not appealable' – i.e., 30 days after the time for appeal has ended." (emphasis added)). In cases where a federal officer is a party, such as here, "the time for appeal does not end until 60 days after 'entry of judgment.'" *Id.* at 302. Judgment was entered in this case on June 28, 2011. Doc. 14. Plaintiff's motion, filed on July 28, was within the 90 day period after entry of judgment and, therefore, timely.

Defendant argues that he still has time to appeal the judgment, and that the Court should stay its decision until the period for filing an appeal has expired – i.e., August 29, 2011. Doc. 16 at 8-10. Given that Defendant awarded benefits to Plaintiff and itself moved for judgment in Plaintiff's favor, an appeal by Defendant is, to say the least, highly unlikely. The Court concludes that it need not wait another week before entering this order.

**B.    Substantial Justification.**

The prevailing party in a civil action challenging a decision of the SSA is entitled to fees and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). For purposes of this provision, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings." § 2412(d)(2)(D). If the prevailing party's motion for fees and costs alleges lack of substantial justification, "[t]he burden of establishing that the position of the United States was substantially justified . . . must be shouldered by the Government." *Scarborough v. Principi*, 541 U.S. 401, 414 (2004) (internal quotation marks and citations omitted).

The motion in this case asserts the existence of a non-existent order of this Court and findings not made by this Court. Doc. 15 at 3:18-25. The motion also alleges that the position of the United States "in this case," as opposed to in the agency action prior to

commencement of this case, was not substantially justified. *Id.* The Court nonetheless will interpret Plaintiff's challenge as encompassing the agency action on which this case is based because Defendant interpreted it as such. *See* Doc. 16 at 7; *cf. Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007) ("[W]e have consistently held that regardless of the government's conduct in the federal court proceedings, unreasonable agency action *at any level* entitles the litigant to EAJA fees." (emphasis added)).

The government has not met its burden of showing the position of the United States was substantially justified. Defendant argues that SSA's award of benefits on remand was based on new evidence from Plaintiff's treating physician, and that this fact somehow shows that the previous agency decision was substantially justified. The Court does not agree. The fact that new evidence was considered on remand does not show that the evidence considered before remand was insufficient to support an award of benefits. Moreover, the SSA decision on remand expressly states the new evidence is "*consistent* with the medical evidence as a whole and supported by the claimant's consistent complaints to treating providers, treating source opinions, and objective studies." *Id.* (emphasis added). Had the new medical evidence somehow contradicted previous evidence on which the agency relied, or had the agency's new decision indicated that Plaintiff failed to provide adequate evidence of the disability earlier, Defendant may have had at least a colorable argument for substantial justification. Defendant has made no such argument, and the Court therefore has no basis on which to find that the agency's initial decision was substantially justified. The government has failed to satisfy its burden of proof and Plaintiff is entitled to an award of fees and costs under the EAJA.

**C.    Payment to Counsel.**

The EAJA requires the motion for attorney fees and costs be made by the prevailing party and be paid to such party. 28 U.S.C. § 2412(d)(1)(A)-(B); *Astrue v. Ratliff*, 130 S. Ct. 2521, 2525-29 (2010). The petitioner here is Plaintiffs' counsel, and the motion requests payment to counsel directly. Doc. 15. Because the motion is styled as "Plaintiff's application" (*id.* at 1:9-10), however, the Court will treat the motion as being made by both

Plaintiff and her counsel. The part of the motion requesting payment to counsel will be denied. *Ratliff*, 130 S. Ct. at 2525-29. The Court will direct payment of fees and costs to Plaintiff. *Id.*

**IT IS ORDERED:**

1. The motion for attorney fees and costs (Doc. 15) is **granted in part** as stated above.
2. Plaintiff is awarded attorney fees and court costs in the amount of **$1,631.91**, payable to Plaintiff.

DATED this 25th day of August, 2011.

_____
David G. Campbell
United States District Judge